
FILED
D54
2010 APR 22 P 3:16
CLERK US DISTRICT COURT

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANORRIS WILLIAMS,

        Petitioner,

vs.                           Case No. 3:08-cv-908-J-20JRK

WALTER A. MCNEIL, etc.;
et al.,

        Respondents.
_____

## ORDER

### I. Status

Petitioner is an inmate of the Florida penal system who initiated this action by filing a *pro se* Petition (Doc. #1) (hereinafter Petition) for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Petition challenges a 1999 state court (Duval County) conviction for robbery on twelve grounds: (1) insufficiency of the evidence; (2) ineffective assistance of trial counsel for failure to conduct an adequate pretrial investigation and to call a key witness, Michael Jones; (3) ineffective assistance of trial counsel for failure to move for a continuance prior to trial; (4) ineffective assistance of trial counsel for failure to allow Petitioner to testify in his own behalf; (5) ineffective assistance of trial counsel for advising Petitioner to decline the inclusion of lesser included offenses; (6) the denial of due process of law by the service of multiple notices of sentencing schemes; (7) an illegal sentence under the violent

career criminal designation, violating due process of law because the statute was promulgated in violation of the Florida single subject rule; (8) the denial of due process of law because the amended information was signed by an Assistant State Attorney, rather than the State Attorney; (9) the denial of a fair trial and due process when the prosecutor told the jurors they could not ask questions until deliberation; (10) prosecutorial misconduct in presenting inadmissible evidence; (11) the denial of due process when the prosecutor told the jurors they could not ask questions until deliberation; and (12) an illegally enhanced sentence under the violent career criminal statute.

Respondents filed an Answer in Response to Order to Show Cause (Doc. #17) (hereinafter Response) on November 2, 2009. They previously filed an Appendix (Doc. #12).[1] Petitioner's Response to this Court's Order to Show Cause (Doc. #20) was filed on February 25, 2010. See Order (Doc. #7). Petitioner notified the Court that he elected not to file a reply.

## II. Evidentiary Hearing

The pertinent facts of the case are fully developed in the record before the Court. Smith v. Singletary, 170 F.3d 1051, 1054

---

[1] The Court hereinafter refers to the Exhibits X-RR in the Appendix as "Ex." Respondents also requested to utilize the exhibits and documents from closed Case No. 3:05-cv-1247-J-25HTS. This request was granted. See Order (Doc. #11). The Court will refer to Exhibits A-W submitted in Case No. 3:05-cv-1247-J-25HTS (Doc. #6 in that case) as "Ex."

(11th Cir. 1999). No evidentiary proceedings are required in this Court. See High v. Head, 209 F.3d 1257, 1263 (11th Cir. 2000) (citing McCleskey v. Zant, 499 U.S. 467, 494 (1991)), cert. denied, 532 U.S. 909 (2001). The Court can "adequately assess [Petitioner's] claim[s] without further factual development." Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

### III. Standard of Review

The Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d). This standard is described as follows:

> As explained by the Supreme Court, the phrase "'clearly established Federal law' . . . refers to the holdings . . . of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). We have held that to be "contrary to" clearly established federal law, the state court must either (1) apply a rule "that contradicts the governing law set forth by Supreme Court case law," or (2) reach a different result from the Supreme Court "when faced with materially indistinguishable facts." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2003).
>
> As regards the "unreasonable application" prong of § 2254(d)(1), we have held as follows:
>
> > A state court decision is an unreasonable application of clearly established law if the state court unreasonably extends or fails to extend a clearly established legal principle to a new context. An application of federal law cannot be considered unreasonable merely

- 3 -

> because it is, in our judgment,
> incorrect or erroneous; a state
> court decision must also be
> unreasonable. Questions of law and
> mixed questions of law and fact are
> reviewed *de novo*, as is the district
> court's conclusion regarding the
> reasonableness of the state court's
> application of federal law.
>
> Jennings v. McDonough, 490 F.3d 1230, 1236
> (11th Cir. 2007) (quotation marks and
> citations omitted). In sum, "a federal habeas
> court making the 'unreasonable application'
> inquiry should ask whether the state court's
> application of clearly established federal law
> was objectively unreasonable." Williams, 529
> U.S. at 409, 120 S.Ct. at 1521. Finally, 28
> U.S.C. § 2254(e)(1) commands that for a writ
> to issue because the state court made an
> "unreasonable determination of the facts," the
> petitioner must rebut "the presumption of
> correctness [of a state court's factual
> findings] by clear and convincing evidence."[2]
> 28 U.S.C. § 2254(e)(1).

Ward v. Hall, 592 F.3d 1144, 1155-56 (11th Cir. 2010).

Finally, for a state court's resolution of a claim to be an

adjudication on the merits, so that the state court's determination

will be entitled to deference for purposes of federal habeas corpus

review under AEDPA, all that is required is a rejection of the

claim on the merits, not an opinion that explains the state court's

rationale for such a ruling. Wright v. Sec'y for the Dep't of

Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S.

---

[2] This presumption of correctness applies equally to factual
determinations made by state trial and appellate courts." Bui v.
Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted)
(citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

906 (2003). See Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 545 U.S. 1142 (2005). Thus, to the extent that Petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under § 2254(d).

## IV. Timeliness

The Court addressed the timeliness of the Petition in its Order (Doc. #15), filed September 11, 2009. The Court found the Petition to be timely filed, or, in the alternative, Petitioner was entitled to equitable tolling of the limitations period.

## V. Procedural Default

There are prerequisites to a federal habeas review:

> Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his state conviction. See 28 U.S.C. § 2254(b), (c). To exhaust state remedies, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. Castille v. Peoples, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989) (emphasis omitted). Thus, to properly exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999).

Maples v. Allen, 586 F.3d 879, 886 (11th Cir. 2009) (per curiam).

Procedural defaults may be excused under certain circumstances: "[n]otwithstanding that a claim has been

procedurally defaulted, a federal court may still consider the claim if a state habeas petitioner can show either (1) cause for and actual prejudice from the default; or (2) a fundamental miscarriage of justice." Id. at 890 (citations omitted). In order for Petitioner to establish cause,

> the procedural default "must result from some objective factor external to the defense that prevented [him] from raising the claim and which cannot be fairly attributable to his own conduct." McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir. 1992) (quoting Carrier, 477 U.S. at 488, 106 S.Ct. 2639). Under the prejudice prong, [a petitioner] must show that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." Id. at 1261 (quoting Carrier, 477 U.S. at 494, 106 S.Ct. 2639).

Wright v. Hopper, 169 F.3d 695, 706 (11th Cir.), cert. denied, 528 U.S. 934 (1999).

"[A] federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice." Fortenberry v. Haley, 297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam) (citation omitted), cert. denied, 538 U.S. 947 (2003). The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), cert. denied, 535 U.S. 926 (2002).

## VI.  Findings of Fact and Conclusions of Law

### A.  Grounds Two - Five

In grounds two, three, four and five, Petitioner contends that he received ineffective assistance of trial counsel.  He claims counsel was ineffective for failing to conduct an adequate pretrial investigation and to call a key witness, Michael Jones; for failing to move for a continuance prior to trial; for failing to allow Petitioner to testify in his own behalf; and for advising Petitioner to decline the inclusion of lesser included offenses.

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel.  That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted).  The Eleventh Circuit has captured the essence of an ineffectiveness claim:

> The clearly established federal law for ineffective assistance of counsel claims was set forth by the U.S. Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  To establish a claim of ineffective assistance of counsel, first, "the defendant must show that counsel's performance was deficient . . . [which] requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687, 104 S.Ct. at 2064.  Second, the defendant must show that counsel's deficient performance prejudiced him.  Id.  That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's

> unprofessional errors, the result of the
> proceeding would have been different. A
> reasonable probability is a probability
> sufficient to undermine confidence in the
> outcome." Id. at 694, 104 S.Ct. at 2068.

Gaskin v. Sec'y, Dep't of Corr., 494 F.3d 997, 1002 (11th Cir.

2007). "Establishing these two elements is not easy: 'the cases in

which habeas petitioners can properly prevail on the ground of

ineffective assistance of counsel are few and far between.'" Van

Poyck v. Fla. Dep't of Corr., 290 F.3d 1318, 1322 (11th Cir. 2002)

(per curiam) (citations and footnote omitted), cert. denied, 537

U.S. 812 (2002), 537 U.S. 1105 (2003).

Ground two was raised in Petitioner's second motion for post

conviction relief filed in the state circuit court, Ex. M at 1-37,

as ground one. The circuit court recognized that the two-part test

from Strickland v. Washington, 466 U.S. 668 (1984) was applicable

to the ineffectiveness claims, Ex. M at 54-55, and adjudicated the

claim, after an evidentiary hearing, as follows:

> At the evidentiary hearing on this
> motion, Defendant testified that one Michael
> Jones was the owner of the cleaners where the
> robbery took place and that Mr. Jones was
> present during the event and could have
> testified that there was, in fact, no robbery.
> Efforts had been made by both of the
> Defendant's attorneys to locate a man known to
> the Defendant and to the victim variously as
> "Cracker Boy" or "Ponytail". The Defendant
> testified that he later came to learn that the
> man's name was Michael Jones and that he asked
> defense counsel to locate Mr. Jones. The more
> credible testimony came from Defendant's trial
> attorney, Derrel Chatmon, who testified that
> this missing witness was known to the
> Defendant only by the nicknames stated above,

and it was not until the victim's deposition that his true name of Michael Jones became known. Counsel testified that his predecessor attorney, Regina Wilson, the Public Defender investigators, and Mr. Chatmon himself had all attempted to locate this missing witness, Michael Jones. When defense counsel went to the dry cleaner establishment where the robbery took place in an effort to locate Mr. Jones, the business was boarded up and closed. No other address was known for Mr. Jones.

We have only the testimony of the Defendant, Lanorris Williams, that Mr. Jones could have testified that no robbery took place. That testimony is not credible. The Defendant confessed orally and in writing at the time of his arrest immediately following the robbery that he did rob the victim. This was likewise the victim's testimony. Although the Defendant now says that he was having an intimate relationship with the victim, letters shown to the Defendant at the evidentiary hearing written by him to the victim declare that he did not know her - a direct contradiction to his testimony. There is no credible reason to belief [sic] that if Michael Jones existed and could have been located, that his testimony would have been favorable to the Defendant. Counsel's performance on this point was fully adequate.

Id. at 55-56.

This claim was rejected by the circuit court, and upon Petitioner's appeal, the First District Court of Appeal affirmed the circuit court's order. Williams v. State, 911 So.2d 107 (Fla. 1st DCA 2005). The mandate issued September 23, 2005. Ex. T. Thus, there are qualifying state court decisions from both the state circuit and appellate courts. This Court must next consider the "contrary to" and "unreasonable application" components of the statute. "It is the objective reasonableness, not the correctness

per se, of the state court decision that we are to decide." Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001), cert. denied, 537 U.S. 978 (2002).

Upon a thorough review of the record and the applicable law, it is clear that the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. See Response at 11-12. Accordingly, Petitioner is not entitled to relief on the basis of ground two.

Petitioner's third ground, that counsel was ineffective for failing to request a continuance, was rejected by the circuit court after an evidentiary hearing:

> In ground three, Defendant asserts that counsel, Mr. Derrel Chatmon, rendered ineffective assistance by failing to request a continuance after being appointed to the case 30 days before trial. From the testimony presented at the evidentiary hearing, the Court finds that defense counsel was fully prepared for the trial and did not render ineffective assistance by not requesting a continuance. Defendant's suggestion that counsel should have requested a continuance to further explore his mental condition is refuted by the record from the hearing, which establishes that the Defendant had been examined by a psychologist and found to be fully competent and able to proceed with the trial. No further delay was required for a second opinion on that issue or as to whether or not the discovery conducted by a predecessor in the Public Defender's Office had been fully digested by trial counsel, and

> no continuance was necessary. Counsel's
> performance in this regard did not fall below
> the Constitutionally mandated standard.

Ex. M at 56. This decision was affirmed on appeal of the denial of

the Rule 3.850 motion. <u>Williams v. State</u>, 911 So.2d 107 (Fla. 1st

DCA 2005).

The decisions of the trial court and the First District Court

of Appeal are entitled to deference under AEDPA. The adjudications

of the state trial and appellate courts resulted in decisions that

involved a reasonable application of clearly established federal

law, as determined by the United States Supreme Court. Therefore,

Petitioner is not entitled to relief on ground three because the

state courts' decisions were not contrary to clearly established

federal law, did not involve an unreasonable application of clearly

established federal law, and were not based on an unreasonable

determination of the facts. <u>See</u> Response at 13.

In his fourth ground, Petitioner asserts his counsel was

ineffective for failing to allow Petitioner to testify in his own

behalf. This ground was raised in the Rule 3.850 motion, and after

an evidentiary hearing, the trial court addressed the claim and

said:

> In ground four, Defendant asserts that
> counsel rendered ineffective assistance by
> failing to allow him to testify in his own
> behalf. Specifically, Defendant contends that
> counsel misadvised him that the specific
> nature of his prior felony convictions would
> be divulged to the jury, and based upon this
> misadvice, he chose not to testify.
> Defendant's testimony in support of this

contention is refuted both by the record and by the testimony of his attorney, Derrel Chatmon. Mr. Chatmon advised the Defendant that the number of his prior convictions would come out during his cross-examination if he were to testify. Only upon his denial of the accuracy of that number would the State be entitled to present evidence of the specific nature of his prior felony convictions. It is clear from this testimony and from the colloquy which the trial judge had with the Defendant (see excerpts of trial transcript attached as Exhibit "C") that the Defendant was correctly advised in this regard, and it was the Defendant's decision not to testify. In fact, defense counsel testified that it had always been the Defendant's decision not to testify. He did not want to testify. In this regard, counsel did not render ineffective assistance. Defendant has failed to prove the allegations in ground four.

Ex. M at 56-57.

Respondents assert that this claim is unexhausted and procedurally barred. Response at 13-17. Exhaustion requires that an appeal be taken from the denial of a post conviction motion. Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979) (per curiam). Although a notice of appeal was filed, Ex. N, the appeal brief addressed only two grounds, not including the assertion that the trial court erred by denying the claim that counsel rendered ineffective assistance by failing to allow Petitioner to testify in his own behalf. Ex. O; Ex. Q.

Petitioner received an evidentiary hearing on ground four. Once he received an evidentiary hearing, "his failure to address [this] issue[] in his appellate brief would constitute a waiver." Cortes v. Gladish, No. 05-16399, 216 Fed. Appx. 897, 899-900 (11th

Cir. 2007) (per curiam) (not selected for publication in the Federal Reporter) (noting the difference between an appeal following an evidentiary hearing and one from a summary denial). "[I]n an appeal of a Rule 3.850 order after an evidentiary hearing, the movant is required to file an appellate brief, and a waiver of a claim results from submission of a brief without argument on a claim." Torres v. Sec'y, Dep't of Corr., No. 807-cv-1383-T-24TGW, 2008 WL 1897600, at *10 (M.D. Fla. April 28, 2008) (not reported in F.Supp.2d) (citations omitted). See Rogers v. Sec'y, Dep't of Corr., No. 8:07-CV-1375-T-30TGW, 2010 WL 668261, at *53 (M.D. Fla. Feb. 19, 2010) (citing Cortes and finding Rogers waived and defaulted his claim by not briefing the claim, after receiving an evidentiary hearing on his Rule 3.851 motion in state court); Johnson v. McNeil, No. 4:08-cv-00221-MP-MD, 2009 WL 4042975, at *6 (N.D. Fla. Nov. 20, 2009) (citing Cortes for the proposition that "had the petitioner received an evidentiary hearing on his Rule 3.850 motion, his failure to address issues in his appellate brief would constitute a waiver of those issues, and they would be considered procedurally defaulted").

Petitioner has failed to show cause and prejudice or that a fundamental miscarriage of justice would result if the claim is not addressed on the merits. Thus, ground four is procedurally barred from habeas review.

Alternatively, the decision of the trial court is entitled to deference under AEDPA. The adjudication of the state trial court

resulted in a decision that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground four, the claim of ineffective assistance of trial counsel, because the state trial court's decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. See Response at 18-20.

It is clear that "[u]nder the doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard, see Yarborough v. Gentry, 540 U.S. 1, 5-6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) (per curiam), [Petitioner's] ineffective-assistance claim fails." Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009). Therefore, Petitioner is not entitled to habeas corpus relief on ground four.

In his fifth ground, Petitioner asserts that his trial counsel was ineffective for advising Petitioner to decline the inclusion of lesser included offenses. Respondents assert that this claim is unexhausted and procedurally barred. Response at 20. Petitioner received an evidentiary hearing on ground five. Once he received an evidentiary hearing, failure to address ground five in the appellate brief constitutes a waiver. Petitioner did not address this ineffectiveness issue in his appellate brief. Ex. O; Ex. Q.

His failure to address this ground in a brief constitutes a waiver of the claim.

Because Petitioner abandoned this ground, he is procedurally barred from review of ground five in this Court. Petitioner has procedurally defaulted his claim. Further, he has not shown cause and prejudice to overcome the procedural default and has not shown that a fundamental miscarriage of justice will occur if this Court does not reach the merits of ground five of the Petition.

In the alternative, Petitioner is not entitled to habeas relief. See Response at 21-22. The trial court rejected ground five stating:

> In ground five, Defendant asserts that counsel rendered ineffective assistance by misadvising him to decline including the lesser included offenses on the jury verdict form. Again as to this allegation, the Defendant's testimony is refuted both by the trial transcript record (Exhibit "E") and by the testimony of his attorney at the evidentiary hearing. It was the Defendant's decision, and his alone, that lesser included offense instructions would not be given by the judge. Defense counsel had recommended to the Defendant that those instructions be given, but the Defendant decided that they should not be given, and the defense should be an all-or-nothing presentation. Defendant has failed to prove the allegations in ground five.

Ex. M at 57.

AEDPA deference is warranted. Simply, deference should be applied to the decision of the circuit court. The adjudication of the state court resulted in a decision that involved a reasonable application of clearly established federal law, as determined by

the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground five because the state court's decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts.

## B. **Ground One**

In his first ground, Petitioner claims there was insufficient evidence to sustain the robbery conviction, a deprivation of due process of law. The Due Process Clause of the Fourteenth Amendment requires the state to prove beyond a reasonable doubt each element of the offense charged. Thompson v. Nagle, 118 F.3d 1442, 1448 (11th Cir. 1997)(citing Jackson v. Virginia, 443 U.S. 307, 314 (1979)), cert. denied, 522 U.S. 1125 (1998). "[T]his court must presume that conflicting inferences to be drawn from the evidence were resolved by the jury in favor of the State." Thompson, 118 F.3d at 1448 (citing Machin v. Wainwright, 758 F.2d 1431, 1435 (11th Cir. 1985)). The relevant question is whether any rational jury, after viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the charged offense beyond a reasonable doubt. Thompson, 118 F.3d at 1448.

The Court agrees with Respondents that, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that Petitioner committed the offense of robbery. See Response at 5-6. This claim was raised on

direct appeal. Ex. F. The state responded, Ex. G, and Petitioner replied. Ex. H. Petitioner's judgment of conviction was affirmed on direct appeal. <u>Williams v. State</u>, 774 So.2d 697 (2000). The mandate issued on January 12, 2001. Ex. I.

The jury was instructed on the charge of armed robbery. Ex. D at 499-505. In particular, the second element, "that force or violence or assault or putting in fear was used in the course of that taking" is at issue. <u>Id</u>. at 499. The jury returned a verdict finding the Petitioner guilty of robbery; however, the jury also found that Petitioner did not carry or have in his possession a firearm, deadly weapon or weapon. Ex. A at 51. Petitioner alleges that, at most, he committed theft, not robbery. Petitioner asserts that the evidence does not support the conclusion that the taking was by force or violence, or by assault or putting in fear.

The victim, Rosalyn Habersham, testified that after Petitioner asked for the money she started backing into the clothing rack with her hands up. Ex. B at 176. When Petitioner directed her to give him the money, Ms. Habersham actually pushed the wrong key on the register and it buzzed. <u>Id</u>. She then hit the clear button and popped the drawer open. <u>Id</u>. She grabbed everything she could and handed it to Petitioner. <u>Id</u>. at 177. Petitioner then told Ms. Habersham he wanted her chain. <u>Id</u>. Petitioner grabbed the victim and snatched the chain off of her neck. <u>Id</u>. Petitioner told her he wanted her other jewelry, but Ms. Habersham stalled by pretending her rings would not come off. <u>Id</u>.

- 17 -

Ms. Habersham testified that she felt threatened.[3] Id. at 179. She further stated that when all of this was happening to her, she felt violated and she was scared for a few seconds. Id. at 190. She explained that Petitioner used two fingers on her neck, using pressure points when he touched her and snatched the chain from her neck. Id. at 194.

Viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence to support a robbery conviction, and in particular, supporting the second element, that force or violence or assault or putting in fear was used in the course of the taking of the property.

The adjudication of the First District Court of Appeal resulted in a decision that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground one because the state court's decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts.

## C. Ground Six

In his sixth ground, Petitioner contends that he was denied due process of law because he received five sentencing notices from

---

[3] Ms. Habersham testified the robber had a gun in his hands at some point during the robbery. Ex. B at 177-78. The jury did not find that there was a firearm, deadly weapon or weapon carried by Petitioner. Ex. A at 51.

the state under various Florida sentencing classifications. This claim has no merit. Petitioner received all of the notice to which he was entitled. In particular, he received the Notice of Intent to Classify Defendant as a Violent Career Criminal. Ex. A at 15-16. The trial court required the state to pick one sentencing classification to proceed on at sentencing, and the state elected to proceed on the violent career criminal classification. Ex. E at 20-21, Proceedings of October 12, 1999. Petitioner was sentenced to thirty-two years of imprisonment as a violent career criminal, with a mandatory minimum term of thirty years. Ex. A at 123, Proceedings of October 13, 1999. Petitioner is not entitled to relief on this ground.

### D. Grounds Seven and Twelve

In ground seven, asserting a due process violation, Petitioner claims that he is serving an illegal sentence under the violent career criminal designation because the statute was promulgated in violation of the Florida single subject rule. Essentially, this is a matter of state sentencing law. It does not raise a federal constitutional issue. It involves a state court's interpretation and application of Florida law.

The circuit court's Order on Motion to Correct Illegal Sentence states:

> Defendant asserts that he was unlawfully sentenced as a violent career criminal under a statute that had been declared unconstitutional. Attached hereto, is a copy of the Information upon which Defendant was

> tried. It clearly indicates that the date of
> the offense proved was April 19, 1999.
> Accordingly, Defendant does not have standing
> to attack the constitutionality of the violent
> career criminal statute which was in effect at
> the time of his offense. See, *Dixon v. State*,
> 763 So.2d 314 (Fla. 2000).

Ex. Z at 46.

Petitioner has presented a state law claim, not a claim of constitutional dimension. As a result, this ground should be dismissed. The purpose of a federal habeas proceeding is review of the lawfulness of Petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States. See Coleman v. Thompson, 501 U.S. 722 (1991). The writ of habeas corpus under 28 U.S.C. § 2254 "was not enacted to enforce State-created rights." Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000) (citing Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988)), cert. denied, 531 U.S. 1170 (2001).

The Eleventh Circuit has stated that only in cases of federal constitutional error will a federal writ of habeas corpus be available. See Jones v. Goodwin, 982 F.2d 464, 471 (11th Cir. 1993); Krasnow v. Navarro, 909 F.2d 451, 452 (11th Cir. 1990). The Supreme Court has often held that federal habeas relief does not lie for errors of state law. Clearly, it is not the province of a federal habeas court to reexamine state-court determinations on issues of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is

'couched in terms of equal protection and due process.'" Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting Willeford v. Estelle, 538 F.2d 1194, 1198 (5th Cir. 1976)). The federal habeas corpus court will be bound by the Florida court's interpretation of its own laws unless that interpretation breaches a federal constitutional mandate. McCoy v. Newsome, 953 F.2d 1252, 1264 (11th Cir.) (per curiam), cert. denied, 504 U.S. 944 (1992).

Ground seven raises an issue of state law that is not cognizable in this proceeding. This claim cannot provide a basis for federal habeas corpus relief, even though Petitioner has couched the claim in terms of due process of law.

In ground twelve, Petitioner claims that he is serving an illegally enhanced sentence under the violent career criminal statute. This issue was presented in his second Rule 3.850 motion. An evidentiary hearing was conducted. The circuit court rendered a decision finding:

> In ground eight, Defendant asserts that his sentence was illegally enhanced pursuant to the Violent Career Criminal statute since one of the prior violent felonies relied upon by the State was a juvenile adjudication. Defendant's assertion is not supported by the record. The record clearly shows that the prior adjudication of guilt in question came while the Defendant was of juvenile age but was certified as an adult, and the adjudication was an adult adjudication of guilt with the imposition of adult sanctions (Exhibit "D"). Thus, the Defendant's allegation in this regard is without merit.

Ex. M at 58.

This issue, however, is unexhausted and procedurally defaulted because Petitioner failed to present the claim on appeal of the denial of the Rule 3.850 motion. Ex. O; Ex. Q. The issue is therefore procedurally barred, and Petitioner has not demonstrated cause and prejudice for his default or that a fundamental miscarriage of justice would result if the Court fails to reach the merits of this claim.

Alternatively, this is a state law claim, not a claim of constitutional dimension. Although Petitioner has couched his claim in terms of an Eighth Amendment or due process violation, that does not convert this issue to the magnitude of constitutional error. Whether Petitioner's prior convictions meet the Florida law requirements for enhancement under the Violent Career Criminal sentencing provision is purely a matter of state law. The Court will not reexamine state court determinations on state law matters; this is not the province of this Court.

Finally, Petitioner has failed to show that he has been subjected to cruel and unusual punishment. "The Eighth Amendment provides that '[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.' U.S. Const. Amend. VIII." United States v. Johnson, 451 F.3d 1239, 1242 (11th Cir.) (per curiam), cert. denied, 549 U.S. 987 (2006).

Petitioner's thirty-two year sentence, with a mandatory minimum term of thirty years imprisonment, is neither excessive nor

cruel and unusual. The trial court sentenced Petitioner within the statutory limits, finding that there was mitigation and denying the state's request that Petitioner be given a forty-year sentence, with a mandatory minimum term of thirty years imprisonment. Ex. A at 115, 123-24.

### E. Ground Eight

Petitioner claims, in his eighth ground, that he was denied due process of law because the amended information was signed by an Assistant State Attorney, not the State Attorney. This claim was raised in the third Rule 3.850 motion. Ex. HH at 1-16. In denying this claim, the trial court determined the following:

> **THIS CAUSE** is before the Court upon a Motion for Post-Conviction Relief filed herein by Defendant, Lanorris Williams, on September 20, 2007. Therein, Defendant alleges that the trial court was without jurisdiction over this prosecution due to an alleged defect underlying his charging Information. Defendant does not, and cannot, allege that the Information wholly fails to state a crime, however. Thus, the matter raised is procedurally barred. See, Haselden v. State, 386 So.2d 624 (Fla. 4th DCA 1980).

Ex. HH at 35. The decision was affirmed per curiam on May 12, 2008. Ex. MM. The mandate issued on July 8, 2008. Ex. GG.

Respondents assert that this claim could or should have been raised on direct appeal, is not properly exhausted, and is now procedurally barred. The Court may not consider this claim as it has been procedurally defaulted in the state court pursuant to an adequate and independent state procedural rule. Petitioner has not

shown cause for the default and the resulting prejudice or a fundamental miscarriage of justice. Therefore, this Court is foreclosed from habeas review of the merits of this claim.

In the alternative, this is a state law claim. It is not a claim of constitutional magnitude, even though Petitioner has couched his claim in terms of denial of due process of law. This claim is clearly grounded on issues of state law. Thus, Petitioner is not entitled to federal habeas relief on ground eight.

### F. Grounds Nine and Eleven

In both the ninth and eleventh grounds, Petitioner claims that his right to a fair trial and due process of law were violated when the prosecutor told the jury that they could not ask questions until deliberation. The prosecutor stated, during voir dire, the following:

> if you are picked as a juror, to listen to the evidence and make a decision based on the evidence and based on the law and this is really the only opportunity -- I know some of you have been jurors before where you really get to speak out. If you're picked as a juror, you get to sit there, you get to listen to all the evidence, you can't ask any questions, you can't make any comments until you get to go back into that room and deliberate. Do all of you understand that?

Ex. B at 62-63.

Petitioner raised this issue in his second Rule 3.850 motion. Ex. M. The trial court found the claim to be procedurally barred:

> In ground six, Defendant asserts that the State committed error during the voir dire process by informing the panel that if they

> were picked as jurors they would be unable to
> ask questions. This claim could or should
> have been raised on direct appeal, and is thus
> procedurally barred. <u>Spencer v. State</u>, 842
> So.2d 52, 60 (Fla. 2003).

Ex. M at 57.

This claim was not properly raised in the state court system, is not properly exhausted and is procedurally barred. Petitioner has failed to show cause and prejudice or that a fundamental miscarriage of justice would result if the claim is not addressed on the merits. Grounds nine and eleven are procedurally defaulted and will not be addressed by this Court.

## G.  Ground Ten

Petitioner claims, in ground ten, that there was prosecutorial misconduct due to the prosecutor presenting inadmissible evidence during the trial. This claim was raised in the second Rule 3.850 motion as ground seven. The trial court, in addressing this claim, said:

> In ground seven, Defendant asserts that
> the State committed error by submitting
> inadmissible third-party evidence to the jury
> for their consideration. This claim could or
> should have been raised on direct appeal, and
> is thus procedurally barred. <u>Spencer v.
> State</u>, 842 So.2d 52, 60 (Fla. 2003).

Ex. M at 58.

"It is well-settled that federal habeas courts may not consider claims that have been defaulted in state court pursuant to an adequate and independent state procedural rule, unless the

petitioner can show 'cause' for the default and resulting 'prejudice,' or 'a fundamental miscarriage of justice.'" Mincey v. Head, 206 F.3d 1106, 1135-36 (11th Cir. 2000) (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991), and McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir.) (per curiam), cert. denied, 504 U.S. 944 (1992)), cert. denied, 532 U.S. 926 (2001).

Since Petitioner did not present his current claim to the state courts in a procedurally correct manner, ground ten is procedurally defaulted. Here, Petitioner has not shown cause and prejudice or a fundamental miscarriage of justice. The Court will apply the state procedural bar to ground ten and will not reach this claim on the merits.

Any claims not specifically addressed are found to be without merit. Thus, for all of the above-stated reasons, the Petition will be denied and this case will be dismissed with prejudice.

## VII.  Certificate of Appealability

If Petitioner appeals, the undersigned opines that a certificate of appealability is not warranted. See Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542

U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. If Petitioner appeals the denial of the Petition, **the Court denies a certificate of appealability**. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be

filed in this case. Such termination shall serve as a denial of the motion.

2. A Motion Requesting Evidentiary Hearing and the Appointment of Counsel is attached to Petitioner's February 25, 2010, Response to This Court's Order to Show Cause (Doc. #20). The Motion Requesting Evidentiary Hearing and the Appointment of Counsel (Doc. #20) is **DENIED**.

3. The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

4. The **Clerk of the Court** shall enter judgment accordingly and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 22-0 day of April, 2010.

UNITED STATES DISTRICT JUDGE

sa 4/21
c:
Lanorris Williams
Ass't A.G. (Heller)

- 28 -